**STATE of Missouri ex rel. CITY OF CREVE COEUR, a Municipal Corporation, Neal E. Willis, Ralph H. Schnebelen, Leo Reuther, Joseph Loida, Aldermen, and John T. Beirne, Mayor of the City of Creve Coeur, Appellants,**

**v.**

**ST. LOUIS COUNTY, Albert Bailey, Russell A. Grantham, Maurice Abramson, John Malloy, John Dowling, John O'Hara, Edward Murphy, Constituting the St. Louis County Council, Herbert Poertner, Director of Public Works, St. Louis County, James McNary, County Supervisor of the County of St. Louis, Gordon Wolff and Eugene L. Wolff, Trustee for Ridgeview Stockholders Liquidation Trust, Respondents.**

No. 49524.

Supreme Court of Missouri,

Division No. 1.

July 8, 1963.

Wyne & Delworth, William H. Wyne, Jr., Edward J. Delworth, Clayton, for relator-plaintiff.

Norman C. Parker, St. Louis County Counselor, Clayton, Gerald Bamberger, Asst. St. Louis County Counselor, Clayton,

Robert Mass, St. Louis, Merle Silverstein, Rosenblum & Goldenhersh, Clayton, for defendants-respondents.

COIL, Commissioner.

This case in its present posture involves an appeal by the City of Creve Coeur, its mayor and aldermen, from a judgment dismissing their petition for a declaratory judgment. Hereinafter we shall refer to appellants as plaintiffs and respondents as defendants.

Plaintiffs brought their action against St. Louis County, members of the county council, the county Director of Public Works, the County Supervisor, Gordon Wolff and Eugene Wolff as trustee for a stockholders' liquidation trust. They alleged in substance: that prior to March 28, 1950, the legislative power of St. Louis County was vested in a county court which, on June 13, 1946, adopted a "Zoning Order" for the unincorporated portions of the county; that on March 28, 1950, pursuant to Article VI, Section 18(a), Missouri Constitution of 1945, V.A.M.S., a home rule charter was adopted which vested the county's legislative power in a council, including the legislative power pertaining to planning and zoning that part of the county outside incorporated cities, with the proviso, however, that until superseded by ordinance of the council the laws pertaining to planning and zoning then in effect would continue; that on December 8, 1954, the County Council adopted ordinance 542 which in turn adopted the above-mentioned "Zoning Order." Ordinance 542, inter alia, set forth detailed procedures for changes in zoning, including a provision for a petition to the "Planning Commission." That ordinance further provided that "in cases where the land affected lies within one and one-half miles of the limits of a municipality," if a written protest was filed, "by the City Council or Zoning Board of any such municipality, * * * such change in Zoning may not be passed except by the affirmative

vote of four members of the County Council."

Plaintiffs alleged further that defendant Eugene Wolff as trustee owned land described in the petition which, prior to July 17, 1957, was zoned as single family residential districts; that one of said tracts was within 1½ miles of plaintiff city's limit; that on February 27, 1957, a petition was presented to the County Planning and Zoning Commission for certain described zoning changes in the several districts described, including changes from residential to business, from single family to two family, and reducing the number of square feet necessary for single family residences; that on April 22, 1957, plaintiff, the City of Creve Coeur, protested the requested rezoning to the planning commission and thereafter a public hearing was held, and on July 3, 1957, the commission denied the rezoning request; that on July 17, 1957, the County Council adopted, by a vote of six in favor and one against, ordinance 1059, which was thereafter approved by the County Supervisor and which rezoned the land in question in accordance with defendant Wolff's petition for the changes in zoning heretofore described; that on July 18, 1962, plaintiff city filed a declaratory judgment action in St. Louis County seeking to annex part of the land described in the present petition which is adjacent to the north boundary of plaintiff city and which action at the time of the filing of the present action was awaiting trial in the circuit court; that on March 22, 1962, defendant Director of Public Works issued to defendant Gordon Wolff a permit to build three duplexes on a portion of the property described in the petition.

The petition alleged further that many residents of plaintiff city have invested large sums of money in real estate and improvements located on land adjacent to the rezoned area and that they will sustain substantial and irreparable damage to their properties if ordinance 1059 remains in force and effect and if Wolff is permitted

to build duplexes on a portion of the property; that the orderly progress and development of Creve Coeur and St. Louis County will be impossible, and the proposed rezoning will cause a "degeneration of property values."

Plaintiffs averred further that "said purported Ordinance No. 1059 is illegal, invalid, void, unlawful, unconstitutional, improper, arbitrary and capricious and of no legal effect for the following reasons:

"(a) That said ordinance and the proceedings enacting it are wholly and completely in violation of the terms, provisions, spirit and purpose of the aforesaid 'Zoning Order for the Unincorporated Portions of St. Louis County, Missouri.'

"(b) That the attemped enactment of said Ordinance No. 1059 was arbitrary, capricious, illegal, and without basis in law and in fact and represents an abuse of discretion by said St. Louis County Council.

"(c) That in enacting said Ordinance No. 1059 the aforesaid St. Louis County Council acted without authority and in excess of its power and jurisdiction.

"(d) That the enactment of said Ordinance is illegal, invalid, contrary to law and unconstitutional as not promoting the health, safety, comfort, morals or the general welfare or of conserving and protecting the property and building value or of securing the most economical use of land or of facilitating the provision of public improvement in accordance with a comprehensive plan, but rather constitutes an illegal 'spot' or preferential zoning on an arbitrary and capricious basis to the end that said defendants may use said land to suit their caprice and desire and at the expense and to the detriment of plaintiffs and all other residents of the community involved and was not supported by competent and substantial evidence on the whole record.

"(e) Said Ordinance No. 1059 was not properly and lawfully considered, voted upon, or adopted in that it was not passed by affirmative vote of all the members of the County Council according to statute therefor made and provided.

"(f) Said Ordinance No. 1059 deprives plaintiff and others of their property without due process of law in violation of the Constitution of the United States and of the State of Missouri.

"(g) That said Ordinance No. 1059 does not have a fair tendency to accomplish or aid in the accomplishment of the purposes and powers of the St. Louis County Council as set out in its Charter as set out above.

"(h) That the enactment of said Ordinance was based on inadequate and incompetent evidence.

"(i) That the procedure employed by the Council in the passage of said Ordinance was contrary to the Ordinances of St. Louis County and the rule of procedure of the County Council made and provided for the passage of ordinances of St. Louis County. * * *

"WHEREFORE, plaintiff prays this Court to declare the rights and obligations of plaintiff City and determine the validity of Ordinance No. 1059 of St. Louis County and to declare the rights, status, and legal relationship of plaintiff and defendant in regard to said ordinance and to enjoin defendant County from proceeding further under said ordinance and from issuing any building permits or authorizing any subdivision of land based upon said ordinance and for such further relief as to the Court shall seem meet and proper together with the costs of this action."

The trial court sustained the separate motions of defendants and dismissed plaintiffs' petition on the grounds, among others, that it failed to allege facts upon which the relief prayed for could be granted and failed to allege sufficient facts to show that plaintiffs were proper parties to maintain the action.

Inasmuch as we are of the view that plaintiffs' petition fails to state a claim upon which relief can be granted, we shall not rule the interesting question raised by defendants' first contention (in their brief) that plaintiffs, as a municipality and the officials thereof, assert no interest which may be legally protected and, consequently, are not proper parties plaintiff to maintain this action for declaratory relief. The only case we have found ruling the question is Borough of Creskill v. Borough of Dumont, 28 N.J.Super. 26, 100 A.2d 182, 192 [15, 16]. There, the court held that inasmuch as a municipality may adopt zoning ordinances for the public good and is charged with the duty of enforcing those ordinances in the public interest, it has the power to bring a declaratory judgment action to protect the public's interests, even though the ordinance attacked is one adopted by and applying to land located in a neighboring county or borough. On appeal, however, 15 N.J. 238, 104 A.2d 441, 444 [1], the New Jersey Supreme Court found it unnecessary to decide whether plaintiff borough and other individual plaintiffs who resided in boroughs other than the one enacting the zoning ordinance, could maintain the declaratory judgment action because the record showed that certain of the plaintiffs were property owners in the very area to which the zoning ordinance applied. Cf. City of Nevada v. Welty, 356 Mo. 734, 203 S.W.2d 459.

■ It is apparent from plaintiffs' petition that the basis for the relief sought is the charge that ordinance 1059 "is illegal, invalid, void, unlawful, unconstitutional, improper, arbitrary and capricious and of no legal effect for the following reasons: * * *." There follow nine averments as the supporting "reasons." It is unnecessary to again set forth those "reasons," (a) through (i), heretofore quoted. It appears that all of them, except "reason" (e), constitute the conclusions of the pleaders and not statements of fact. Hardy v. McNary, Mo., 351 S.W.2d 17, 21 [9]; Goodson v. City of Ferguson, Mo.,

339 S.W.2d 841; Spiking School Dist. v. Purported "Enlarged School Dist. R–11, DeKalb County, Mo.," 362 Mo. 848, 245 S.W.2d 13, 18 [5]; Miller v. Ste. Genevieve Co., Mo., 358 S.W.2d 28, 30 [5–8]. It is well settled that those conclusions may not be considered in determining whether plaintiffs have stated a claim for declaratory relief. Hardy v. McNary, supra.

■ The "reason" lettered (e), heretofore quoted, which is a statement to the effect that ordinance 1059 was not lawfully adopted in that it did not pass by an affirmative vote of all the members of the council in accordance with the provisions of the applicable statute, cannot constitute a claim upon which relief can be granted because our recent case, Casper v. Hetlage, Mo., 359 S.W.2d 781, specifically ruled that the statutory provision requiring the unanimous vote of all members of a county court where a protest had been lodged against rezoning had been superseded and did not apply to a home rule charter county, and that, consequently, a rezoning ordinance adopted by the St. Louis County Council in Casper was valid even though only five of its seven members voted for the ordinance. As we have noted heretofore, plaintiffs' present petition alleged that ordinance 1059 was enacted by a vote of six councilmen in favor and one against. Consequently, it seems clear that the only averment of fact contained in the "reasons" set forth above, entitled plaintiffs to no declaratory relief in the light of this court's ruling in the Casper case, supra.

It follows that the trial court correctly dismissed the count of plaintiffs' petition seeking relief by declaratory judgment, the only present issue, and therefore the judgment is affirmed.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.