**William HENKEL, Plaintiff-Appellant,**

v.

**CITY OF PEVELY, Missouri, et al.,
Defendants-Respondents.**

No. 34920.

Missouri Court of Appeals,
St. Louis District.

Dec. 12, 1972.

Gregory D. O'Shea, St. Louis, for plaintiff-appellant.

Thurman, Nixon, Smith & Howald, Hillsboro, for defendants-respondents.

PER CURIAM.

Plaintiff appeals from a summary judgment entered in favor of the defendants-respondents, City of Pevely and other public officials of the City of Pevely. The court below granted the motion for summary judgment on the grounds that plaintiff's petition failed to state a claim upon which relief can be granted, and that there was no genuine issue as to any material fact.

The petition was filed on August 9, 1972, by plaintiff, William Henkel, as a citizen, inhabitant, taxpayer, property owner, and representative of all other property owners and taxpayers in the City of Pevely. The petition alleged that pursuant to a purported City Council ordinance and by a purported election on February 22, 1972, the City of Pevely attempted to vote bonds pursuant to a notice. Two propositions were submitted to the voters:

## "PROPOSITION NO. 1

"Proposition to issue the bonds of the City of Pevely, Jefferson County, Missouri, to the amount of Seventy Thousand Dollars ($70,000) to provide funds for the purpose of paying part of the cost of acquiring by purchase or construction a waterworks system within and for said City and improving and extending the sewerage system of said City; said systems to be owned exclusively by said City and said bonds to be payable from taxes to be levied upon all taxable, tangible property in said City.

## "PROPOSITION NO. 2

"Proposition to issue negotiable combined waterworks and sewerage system revenue bonds of the City of Pevely, Jefferson County, Missouri, to the amount of Two Hundred Thirty Thousand Dollars ($230,000) to provide funds for the purpose of paying part of the cost of acquiring by purchase or construction a waterworks system within and for said City and improving and extending the sewerage system of said City; said systems to be owned exclusively by said City and said bonds to be payable solely from the revenues to be derived by said City from the operation of the combined waterworks and sewerage system of said City."

As to Proposition No. 1, the petition alleged that the issuance of bonds would be unlawful, illegal and beyond the power of the City for the reason that the proposition, the election and the authorizing ordinance are not authorized by statute. As to Proposition No. 2, the petition alleged that it is void and beyond the power of the City because it is indefinite, misleading, and makes no provision for the refunding of existing outstanding bonds. There was an allegation of irreparable harm and injury to plaintiff and the class he represents unless the City was enjoined from selling the bonds authorized by these propositions.

Defendants' answer denied that plaintiff properly and adequately represents the alleged class. Accompanying the answer was a motion to dismiss on this ground, and also on the ground that the petition failed to state a cause of action. A motion for summary judgment was also filed on the ground that there was no genuine issue as to any material fact and defendants were entitled to judgment as a matter of law.

On August 24, 1972, an amended petition was filed, containing an additional count. In count 1, Proposition No. 1 was alleged to be unlawful, illegal, unconstitutional and beyond the power and authority of the City because it is not authorized by statute or by the Constitution. It alleged that it further contains a double, or logrolling proposition, constituting a fraud on the voters; it calls for projects outside the city limits which are indefinite in scope; it is ultra vires and void. In count II, Proposition No. 2 was alleged to be void and illegal because it does not adequately state the purpose for issuing the bonds; it is contrary to the laws and Constitution of Missouri; it contains a double or logrolling, proposition, constituting a fraud on the voters; it is indefinite and attempts to combine funds from Proposition No. 1 bonds; and, the election constitutes a fraud on the voters.

On August 25, 1972, plaintiff addressed 27 interrogatories to the defendants, which were answered on August 28, 1972. Attached to them was a copy of all the proceedings leading up to the submission of

these propositions to the voters. Defendants also filed an answer to the amended petition. Before the hearing on defendants' motion for summary judgment, defendants filed an amended answer and a brief in support of the motion. Plaintiff then filed an affidavit in support of his petition and suggestions in opposition to the motion. On September 8, 1972, the court entered an "Order for Summary Judgments for the Defendants" on the grounds that the petition failed to state a claim upon which relief can be granted, and that there was no genuine issue as to any material fact.

■ From an examination of the court's ruling it is clear that the trial judge sustained defendants' motion to dismiss on the grounds that the plaintiff's petition failed to state a claim upon which relief can be granted, and also granted defendants' motion for summary judgment because there was no genuine issue of material fact pleaded. If the trial court was correct in either rulings we must affirm. We find that the trial court properly sustained defendants' motion to dismiss because the petition failed to state a claim upon which relief can be granted. Civil Rule 55.06, V.A.M.R.

■ In determining the sufficiency of a petition to state a claim upon which relief can be granted, the conclusions of the pleader, unsupported by factual allegations, cannot be taken as true and must be disregarded. Tolliver v. Standard Oil Co., Mo., 431 S.W.2d 159. Likewise, the allegation of conclusions from which it might be inferred that the acts complained of were in excess or outside the authority of the defendants must be disregarded in making the determination of whether a petition states a claim on which relief can be granted. Miller v. Ste. Genevieve County, Mo., 358 S.W.2d 28.

The allegations of the petition here may be compared to those in the case of State ex rel City of Creve Coeur v. St. Louis County, Mo., 369 S.W.2d 184. In that case the petition alleged as a basis for the relief sought the charge that a particular ordinance was "illegal, invalid, void, unlawful, unconstitutional, improper, arbitrary and capricious and of no legal effect for the following reasons * * *"; following were "reasons" constituting conclusions of the pleaders, such as (b) that "* * * the attempted enactment of said Ordinance * * * was * * * without basis in law and in fact and represents an abuse of discretion * * * (c) * * * St. Louis County Council acted without authority and in excess of its power and jurisdiction * * * (f) Said Ordinance * * * deprives plaintiff and others of their property without due process of law in violation of the Constitution * * *", and other equally general conclusions of law. The court held that it could not consider any of these conclusions in determining whether the petition stated a claim upon which relief can be granted, and dismissed the petition.

The petition in the case at bar is identical to the petition in State ex rel City of Creve Coeur, supra, in that it contains general allegations of illegality, voidness, impropriety and unconstitutionality, supported by "reasons" which are mere conclusions of the pleader. Plaintiff fails to plead facts either in the original petition or amended petition showing that he is entitled to relief. Civil Rule 55.06, V.A.M.R. Since these conclusions, unsupported by factual allegations, cannot be taken as true and must be disregarded in determining whether the plaintiff has stated a claim upon which relief can be granted, it follows that the trial court was correct in its decision.

■ Appellant's argument that he should have been granted leave to further amend his petition is not well taken. Leave to amend the petition is a matter within the discretion of the trial court. Cady v. Hartford Acc. & Indem. Co., Mo., 439 S.W.2d 483. In Cady, the court stat-

ed that it is incumbent upon the plaintiff to ask leave to file an amended petition. There, plaintiff's request to amend appeared first in his motion for a new trial, after his petition had already been amended, interrogatories served and answered, and the motion to dismiss sustained. The plaintiff did not advise the trial court or the Supreme Court of what allegations an amendment would consist. In the case at bar, plaintiff did not *at any time* ask leave of the trial court to further amend his petition after it had been amended once, interrogatories served and answered and the motion ' for summary judgment granted. Plaintiff herein moved only for rehearing or, alternatively, to vacate judgment. His argument that he should have been given leave to amend was first raised on appeal, and he does not inform this court of what his amendment would consist. Following *Cady,* therefore, we find that the plaintiff has been given ample opportunity to amend his petition so as to state a claim on which relief can be granted, and has not done so. We see no abuse by the trial court in this regard.

Our determination that the trial court properly dismissed plaintiff's petition for failure to state a claim upon which relief can be granted makes unnecessary our ruling on the court's action regarding the summary judgment. This being dispositive of the appeal, it is unnecessary to discuss appellant's points, which go to the merit of the action.

The judgment is affirmed.

DOWD, C. J., and SMITH, SIMEONE, CLEMENS, KELLY, and McMILLIAN, JJ., concur.

WEIER, J., not participating.