**Alvin DYER, Plaintiff-Appellant,**

v.

**GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Respondent.**

**No. 37396.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 27, 1976.

Elmer C. Oberhellmann, St. Louis, for plaintiff-appellant.

Joel Monson, Kortenhof & Ely, Frank Strzelec, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiff, Alvin Dyer, sued General American Life Insurance Company under an individual accident insurance policy number K–93,803 A. This policy provided that an indemnity of $100.00 per month should be paid to the insured, Alvin Dyer, if accidental injuries should, within 20 days after the accident, "wholly and continuously disable the Insured and prevent him from performing every duty pertaining to his occupation." Such indemnity was to be paid as long as the insured was totally disabled, but not more than 24 months. After 24 months, the company agreed to pay the monthly indemnity "only so long as the Insured shall be wholly and continuously disabled and prevented by such injuries from engaging in any substantially gainful occupation, business, or employment for which he is or may become qualified."

The plaintiff voluntarily dismissed two of his claims against defendant and proceeded on his claims for: (1) punitive damages for the defendant's tortious breach of a duty of good faith in failing to pay plaintiff indemnities under policy number K–93,803 A; (2) punitive damages for the defendant's breach of insurance policy number K–93,803 A; and (3) accelerated disability benefits under the insurance policy. The trial court dismissed plaintiff's remaining claims, ruling that the claims failed to state a cause of action against defendant. Plaintiff has appealed.

We have summarized the facts stated in plaintiff's petition in the light most favorable to plaintiff, considering all facts well pleaded as admitted and giving plaintiff the benefit of all favorable inferences which could be drawn from such facts. *Collins v. Vernon,* 512 S.W.2d 470, 475 (Mo.App.1974).

On November 5, 1968, plaintiff's back was injured while in the course of his employment. At the time of plaintiff's injury, plaintiff was insured under several of defendant's policies, an individual accident insurance policy number K–93,803 A and a group policy, through plaintiff's employer McDonnell Douglas Corporation, providing life insurance (Policy G–5546), accidental death and dismemberment insurance (Policy ADD–1357), accidental accident and sickness insurance (Policy SAH–1296), and hos-

pital expense insurance (Policy GH–1244).[1] Such policies were incorporated in plaintiff's petition.

Subsequent to the accident which injured plaintiff's back, plaintiff developed "degenerative disk disease of the low back, post-surgical with possible arachnoiditis."

■ On March 4, 1969, plaintiff filed notice and proof of disability with defendant under one of plaintiff's insurance policies. Thereafter, plaintiff received a monthly indemnity for 24 consecutive months.[2]

In February of 1973, plaintiff applied for payment of further monthly indemnities. In this same month, plaintiff was examined by a doctor of defendant's choosing. The doctor wrote defendant that, in his opinion, plaintiff's back disease rendered plaintiff unfit for work, totally and permanently disabled by social security standards. Plaintiff's petition appears to assert that plaintiff had been declared totally and permanently disabled by the Social Security Administration in March of 1973 and by the Veteran's Administration in April of 1973.

In March of 1973, defendant denied any obligation to plaintiff under policy number K–93,803 A. Plaintiff wrote to defendant on April 17, 1973 and protested the defendant's actions. On July 2, 1973 defendant wrote plaintiff and explained that plaintiff's claim under policy number K–93,803 A had been re-evaluated in view of communication with plaintiff's former employer. Defendant stated that it had learned that

plaintiff had worked for a period of over 8 months subsequent to plaintiff's injury in 1968. Because defendant did not believe that the plaintiff had been "wholly and *continuously* disabled" within the terms of the policy, the defendant explained that it would not pay disability benefits under policy number K–93,803 A. Our review of this action must determine whether plaintiff's petition stated a cause of action under the facts thus pleaded.

■ Plaintiff's first point on appeal is that his claim against defendant for tortious breach of defendant's duty of good faith does state a claim upon which relief can be granted. Whether an insurer is liable in tort for the insurer's bad faith refusal to pay disability benefits to an insured has never been decided in Missouri. Missouri law does recognize an insured's recovery in tort against his liability insurer for the insurance company's bad faith refusal to settle suits brought against the insured. The elements of the tort appear to be that: (1) the liability insurer has assumed control over negotiation, settlement, and legal proceedings brought against the insured; (2) the insured has demanded that the insurer settle the claim brought against the insured; (3) the insurer refuses to settle the claim within the liability limits of the policy; and (4) in so refusing, the insurer acts in bad faith, rather than negligently.

■ The damages recoverable in such an action equal the amount of money which the insured was forced to pay on the claim

---

1. Defendant's brief stated that plaintiff had also obtained an individual sickness policy number K–93,803 S.

2. Plaintiff's petition asserted that plaintiff was paid under policy number K–93,803 A. This was contradicted by a letter sent by defendant on July 2, 1973 which was incorporated into plaintiff's petition. The letter indicated that disability benefits were not paid for 24 months under policy number K–93,803 A. Plaintiff also asserted that he was declared totally and permanently disabled under disability provisions substantially the same as those provisions found in policy number K–93,803 A. The petition alleged that these similar provisions were embodied in policy number G–5546. Policy G–5546 is a life insurance policy and contains no language similar to the above quoted

disability provision in policy number K–93,803 A. Policy number SAH–1296 provided for a weekly indemnity for total disability caused by accidental injuries only if the injuries did not occur during the course of employment. Therefore, plaintiff did not allege the existence of any insurance policy which provided for disability payments on the same terms as those provided in policy number K–93,803 A. Documents which are not pleaded nor before the trial court are not part of the transcript on appeal and cannot be considered in our opinion. *Collins v. Vernon; supra* at 473. However, a favorable inference could be drawn from plaintiff's petition that plaintiff received benefits from defendant under some policy of insurance.

not settled by virtue of a judgment of liability in excess of the policy limits. *Zumwalt v. Utilities Insurance Co.,* 360 Mo. 362, 228 S.W.2d 750 (1950); *Landie v. Century Indemnity Co.,* 390 S.W.2d 558 (Mo.App. 1965).

Such Missouri cases, involving third party insurance, are clearly distinguishable from the case at bar; but plaintiff asks us to take this opportunity to extend the tort of bad faith to situations involving an insurer's bad faith refusal to pay disability benefits to an insured. We find that the determination requested by the plaintiff is unnecessary to our holding and expressly decline to rule upon whether or not the tort of bad faith should be extended to first party insurance.

■ Plaintiff has failed to allege facts indicating bad faith on the part of defendant and, therefore, his claim would not state a cause of action for bad faith should such an action be recognized in first party insurance situations. The pleadings in this case included defendant's explanation to plaintiff presenting defendant's reason for denying disability payments under policy number K–93,803 A. Defendant wrote plaintiff that communication with plaintiff's former employer had revealed that plaintiff had worked on a full-time basis for a period of over 8 months in the same job classification and for the same pay subsequent to plaintiff's accident. Defendant explained that, for this reason, defendant believed that plaintiff had not been wholly and continuously disabled. As plaintiff maintains in his reply brief, whether post-accident employment terminates the insurer's obligation to pay benefits for total and continuous disability is ordinarily a question of fact. The fact finder can balance the insured's evidence of disability against evidence of post-accident employment to determine whether the insured was only able to work at substantially reduced performance, through the aid and assistance of co-workers, or at the price of further physical harm. *Cox v. Washington National Insurance Company,* 520 S.W.2d 76, 79 (Mo.App. 1974). Thus, whether the plaintiff before us is totally and continuously disabled under policy number K–93,803 A is a matter upon which reasonable minds might differ. Under such circumstances, we cannot say that the insurer's decision to deny liability amounts to bad faith. This is so in spite of any medical evidence indicating the plaintiff's disability is total and permanent. If there is an "open question of fact or law determinative of the insurer's liability, the insurer, acting in good faith, may insist on a judicial determination of such questions without being penalized therefor." *Cox v. Washington National Insurance Co., supra* at 81.

■ In his reply brief, plaintiff asserts that defendant evinced bad faith by refusing to pay lifetime disability benefits under policy K–93,803 A while paying disability benefits under another policy.[3] Plaintiff claims that the conditions for disability payments under both policies are identical but for the latter policy's provision to terminate benefits after 24 months. Plaintiff's pleadings did not specify the policy number of any insurance policy meeting this description nor was any such insurance policy incorporated into plaintiff's pleadings. Apparently, plaintiff meant to raise this matter in his allegation that defendant denied disability benefits under policy number K–93,803 A after previously declaring plaintiff permanently and totally disabled. However, the pleadings alleged no facts which would support such a statement. The statement is a mere conclusion by the pleader, unsupported by factual allegations, and must be disregarded. *Henkel v. City of Pevely,* 488 S.W.2d 949, 951 (Mo.App.1972); *Collins v. Vernon,* 512 S.W.2d 470, 475 (Mo. App.1974).

Plaintiff's second point on appeal is that his petition did state a cause of action for punitive damages. While plaintiff's petition appears to request punitive damages if

---

**3.** Defendant's brief indicates that payments for disability were made under a *sickness* insurance policy number K–93,803 S.

breach of contract or if the tort of bad faith is found, plaintiff restricts his appeal to the claim for punitive damages arising out of tort. Since we agree with the trial court that plaintiff did not set forth a cause of action for bad faith, plaintiff's claim for punitive damages also fails.

We note, however, that an allegation of bad faith on the part of an insurer is insufficient, in itself, to state a claim for punitive damages. The pleadings must also allege facts indicating that defendant maliciously, wilfully, intentionally, or recklessly injured the plaintiff by his tortious act. *Zumwalt v. Utilities Ins. Co., supra* at 756. Punitive damages require a showing that defendant committed a wrongful act, knowing it to be wrongful, without just cause or excuse. *Yost v. Household Finance Corp.*, 422 S.W.2d 382, 385 (Mo.App.1967). We believe that the defendant's conduct complained of in plaintiff's petition falls short of such a standard.

In a third point raised on appeal, plaintiff argues that the trial court erred in dismissing plaintiff's claim for accelerated disability benefits. We agree with the trial court that plaintiff's request for immediate payment of future monthly benefits based upon plaintiff's reasonable life expectancy does not state a claim upon which relief can be granted. As plaintiff observed in his brief, present Missouri law precludes the recovery of future, periodic disability benefit payments. *Allen v. National Life and Accident Ins. Co.*, 228 Mo.App. 450, 67 S.W.2d 534 (1934).

Plaintiff's final argument on appeal is that the trial court erred in ruling that Missouri's "Vexatious Delay" Statute, §§ 375.296; 375.420 RSMo 1969, was the exclusive remedy available to the plaintiff for additional damages against the insurer beyond contract damages. No such ruling by the trial court is before us, and an appellate court does not review legal propositions not expressly decided by the trial court. *South Side Plumbing Co. v. Tigges*, 525 S.W.2d 583, 590 (Mo.App.1975).

For the foregoing reasons, we affirm the trial court's dismissal of plaintiff's fourth amended petition.

CLEMENS, P. J., and STEWART, J., concur.