Robert GLENN et al., Appellants,

v.

COMMERCE BANK OF ST. LOUIS, Respondent.

No. 42258.

Missouri Court of Appeals, Eastern District.

Oct. 14, 1980.

Bruce Nangle, Clayton, for appellants.

Bryan, Cave, McPheeters & McRoberts, Robert G. Brady, Gerard T. Carmody, St. Louis, for respondent.

PER CURIAM.

Plaintiffs appeal the dismissal of their two count petition seeking damages arising out of a Small Business Administration Act loan. The theory of the first count suggests some combination of negligence and breach of fiduciary duty. The theory of the second count is nubilous. The trial court dismissed plaintiffs' petition with prejudice. We affirm.

At the time of the events leading to this law suit, plaintiffs Kenneth Seller and Robert Glenn[1] were president and secretary–treasurer respectively of County Intelligence and Security Systems, Inc. (Company), a corporation doing business in Missouri. As the Company ran short of funds, Seller and Glenn together with Glenn Beecher, as executive vice president of the Company, applied for a Small Business Administration loan of $20,000 from defendant bank. Corporate resolutions signed by plaintiff Glenn as secretary were filed with defendant bank listing Seller, Glenn and Beecher as the officers and agents authorized to sign checks drawn on the Company's

---

1. Sellers and Glenn were joined by their wives as plaintiffs to the action on the loan because they were joined as guarantors.

account. Later, another resolution was filed adding two additional names as persons authorized to sign checks.[2] The resolution required the signatures of two authorized agents or officers on each check. The S.B.A. loan was approved in February, 1974. On March 5, 1974 Beecher, as executive vice president, gave direction to the defendant bank for the disbursement of $12,000 of the loan. Another corporate resolution followed in July, 1974 authorizing the payment of checks drawn on the Company's account when signed by only one of the two officers or agents listed in the resolution.[3] By August, 1977 all the loan funds had been appropriated by Beecher. Plaintiffs' two count suit followed to recover money they had invested in the Company and for losses sustained as a result of Beecher's misuse of Company funds.

Plaintiffs' petition for damages is a lengthy, sprawling, desultory farrago, containing an amazing number of misspellings and grammatical errors.[4] Plaintiffs' initial brief on appeal, which followed the pattern set by their petition, was stricken for failing to comply with Rule 84.04 regarding points relied on. Plaintiffs were given an opportunity to file amended points relied on, but the second, amended effort is no better than the first.[5] The brief is absolutely confusing, replete with spelling and grammatical errors and sheds no light on wherein and why the trial court's action in dismissing the petition was erroneous. Plaintiffs' brief is deficient and preserves nothing for review. *Thummel v. King,* 570 S.W.2d 679, 686–87 (Mo. banc 1978); *Hayes v. Reynolds,* 579 S.W.2d 119, 120 (Mo.App. 1979).

The appeal is dismissed and judgment affirmed.

All Judges concur.

---

2. The name of Cheryl Ramaciotti and Curt Strange were added as the additional authorized signatories by using a different typewriter than that used for the first signatures–an immaterial factor.

3. Glenn Beecher and Cheryl Ramaciotti were listed in the resolution as the only two officers and agents authorized to sign checks.

4. In struggling throughout the labrinthine corridors of plaintiffs' petition, we note that they are loaded with legal conclusions and destitute of allegations of ultimate facts which would be necessary to create a valid petition for claim of relief. *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159 (Mo.1968); *Pillow v. General American Life Ins. Co.,* 564 S.W.2d 276 (Mo.App.1978); *Henkel v. City of Pevely,* 488 S.W.2d 949, 951 (Mo.App.1972). *See also DeMaranville v. Fee Fee Trunk Sewer, Inc.,* 573 S.W.2d 674, 676 (Mo.App.1978).

At best, the petition does no more than establish that the defendant bank complied with the debtor–creditor relationship by bank and depositor by responding to the depositor's orders regarding payment. *Cassel v. Mercantile Trust Co.,* 393 S.W.2d 433, 438 (Mo.1965).

5.         *POINTS RELIED ON*
The court below erred in dismissing plaintiff's [sic] petition for any of the stated reasons advanced by respondent in its motion to dismiss filed and thereafter sustained–without explanation–by the court below. Plaintiffs [sic] petition states a cause of action and respondents [sic] there stated objection, specified in its motion to dismiss are without merit in that:
A. The cause of action was not time barred under § 516.120 R.S.Mo. 1969,
B. Plaintiffs have plead and stated a cause of action as to both Count I and Count II.
I. Count I of plaintiffs [sic] petition alleges a complex and intricate banking relationship between plaintiffs and defendant, stating a breach of duty on the part of defendant for its negligence in the name it serviced a checking account and its failure to warn plaintiff [sic] of such negligence.
II. Count II is grounded upon the intentional act of defendant in certifying to S.B.A. that a business loan was in default, thereby requiring plaintiffs to come forward under a personal guarantee, wherein, in fact, the depleation [sic] of the loan account was due to the negligence of the respondent.
C. Plaintiffs are the real parties in interest in both counts of the petition.