**Shirley WENIGER,**
**Plaintiff-Respondent-Cross-Appellant,**

v.

**FAMOUS–BARR COMPANY,**
**Defendant-Appellant-Cross-Respondent.**

Nos. 48050, 48051.

Missouri Court of Appeals,
Eastern District,
Division Six.

Feb. 19, 1985.

John J. Frank, St. Louis, for defendant-appellant-cross-respondent.

Larry D. Valentine, St. Louis, for plaintiff-respondent-cross-appellant.

KAROHL, Presiding Judge.

This opinion follows a retransfer of this cause from the Supreme Court for reconsideration in light of its holding in *Sanders v. Daniel International Corporation,* 682 S.W.2d 803 (Mo. banc 1984).

Defendant-appellant Famous-Barr appeals a verdict and judgment for plaintiff on her malicious prosecution claim contending there was no evidence to prove Famous-Barr had instigated the prosecution and there was no evidence of malice. Plaintiff-respondent Shirley Weniger cross-appeals claiming instruction error in the use of defendant-appellant's converse instruction on the malicious prosecution count, alleging that the jury considered it on the false imprisonment charge in which there was a defendant's verdict.

On December 10, 1979 Mrs. Weniger was shopping at the West County Famous-Barr. She testified that she had with her a sweater she had purchased two days earlier at another Famous-Barr store. After browsing through the Junior Department she went to try on a blouse and two sweaters identical to the one she had purchased. While in the dressing room she decided to try on the sweater she had previously purchased and which she claimed she had with her but the plastic cord affixing the price tag to the garment caught on the sweater. Mrs. Weniger lit a cigarette and burned off the price ticket which she placed in her wallet. All of this was observed by a Famous-Barr security guard who subsequently detained Mrs. Weniger. As she did not have with her the sales receipt for the sweater she had previously purchased the security guard called the City of Des Peres police. The police officer arrested Mrs. Weniger and she was charged under a city ordinance with stealing under $150. Mrs. Weniger was acquitted of the municipal charge and brought suit against Famous-Barr for false imprisonment and malicious prosecution. The jury found in her favor on the malicious prosecution count and awarded $25,000 actual and $50,000 punitive damages and in defendant's favor on the false imprisonment count.

On appeal Famous-Barr argues that the trial court erred in failing to grant a directed verdict on the malicious prosecution count as there was no evidence to show that Famous-Barr and not the city prosecutor had instituted the suit. In addition appellant argues that there should have

been a directed verdict because even if Famous-Barr did institute the suit there was probable cause for prosecution, and there was no evidence of malice to support a malicious prosecution verdict. Mrs. Weniger cross-appeals and claims that one of the instructions intended to be a converse instruction was not in the same language as the verdict director for malicious prosecution and was not clearly limited to the malicious prosecution count. She seeks a new trial on the false imprisonment count.

■ Where there are disputed facts such that finding them in favor of plaintiff would sustain a cause of action it is error for the trial court to direct a verdict for the defendant. *Palermo v. Cottom*, 525 S.W.2d 758, 762 (Mo.App.1975). The evidence is viewed in the light most favorable to plaintiff, *Huffstutler v. Coates*, 335 S.W.2d 70, 73 (Mo.1960), with the benefit of all reasonable inferences that may be drawn in his favor, *McFarland v. Union Finance Co.*, 471 S.W.2d 497, 499 (Mo.App. 1971). Any of defendant's evidence unfavorable to the plaintiff will be disregarded. *Hughes v. Aetna Ins. Co.*, 261 S.W.2d 942, 945 (Mo.1953).

■ To prevail on a malicious prosecution action plaintiff "... must plead and prove six elements: (1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and, (6) the plaintiff was damaged." *Sanders*, at 807. *Hoene v. Associated Dry Goods Corporation*, 487 S.W.2d 479, 483 (Mo. 1972). Famous-Barr argues that there was no evidence to support the second, fourth and fifth elements.

■ At trial the Des Peres police officer testified that he arrested Mrs. Weniger based on the statement made by the security guard. The police called the security guard to ask if Famous-Barr would reconsider pressing charges. Only one time in the past had the police asked Famous-Barr to reconsider. Famous-Barr refused to re-consider their position. The security guard testified that there was no reason to reconsider because she believed Mrs. Weniger had stolen the sweater. These facts could have been construed by the jury as a reluctance of the police to prosecute which was overcome by the security guard's insistence that the crime had occurred. *See Lipari v. Volume Shoe Corp.*, 664 S.W.2d 953, 956 (Mo.App.1983). As there was a question of fact as to who instituted the suit the issue of causation was for the jury and a directed verdict would have been inappropriate on this ground.

■ On the issue of lack of probable cause Famous-Barr maintains the prosecution was justified because Mrs. Weniger was observed taking clothing into a fitting room and removing the price tag from a sweater for which she had no sales receipt. The security guard testified that when Mrs. Weniger entered the store she was carrying an apparently empty shopping bag. Mrs. Weniger claims the previously purchased sweater was in the bag. There was a sweater in the bag when she was stopped. "If the testimony on any material part of the evidence showing the existence or want of probable cause is in conflict, that becomes a jury issue and a submissible case has been made." *Hoene*, 487 S.W.2d at 483–484. In addition it has been noted that since the absence of probable cause is proof of a negative only slight proof is required to make a prima facie case. *Haswell v. Liberty Mutual Insurance Co.*, 557 S.W.2d 628, 633 (Mo. banc 1977). "While an acquittal on the merits is not in itself prima facie proof of a want of probable cause ... it constitutes some evidence thereof...." *Hoene*, 478 S.W.2d at 483. Here Mrs. Weniger proved that she had been acquitted of the municipal charge. This fact in addition to the conflict of evidence concerning what she brought into the store indicate that a directed verdict would have been inappropriate on this ground. *See Palermo v. Cottom*, 525 S.W.2d 758, 764–65 (Mo.App.1975). The jury must have found that plaintiff had her previously purchased garment in the shopping bag.

Famous-Barr's last point is that as there was no proof of malice there should have been a directed verdict in its favor. Before addressing this issue we must determine the nature of the requisite degree of malice necessary to support a cause of action for malicious prosecution. Prior to *Sanders* "malice in law" was deemed sufficient. Instruction No. 4A was submitted to the jury in the following form:

> The terms 'malicious' or 'maliciously' as used in these instructions do not mean hatred, spite or ill will, as commonly understood, but mean the doing of a wrongful act intentionally without just cause or excuse. [MAI 16.01]

This instruction comports with "malice in law" but not actual malice or legal malice. *Sanders,* at 811.

The majority opinion in *Sanders* recognizes, "[t]he word 'malice' connotes a culpable mental state, but the term lacks any uniform definition." *Sanders,* at 807. The opinion then recognizes three degrees of malice: actual, legal and malice in law. Actual malice was found to include ill will, spite, personal hatred or vindictive motives. at 807. Legal malice has a broader meaning and embraces any improper or wrongful motive. at 807. Malice in law is "a wrongful act done intentionally without just cause or excuse." at 808. *Sanders* concluded that the weight of authority clearly indicates that a malicious prosecution action can be supported only by either actual or legal malice but malice in law is insufficient. at 809. "In short, the conduct [of the defendant] must be such that a jury could infer and find an improper motive." at 810. In granting a new trial the court concluded that MAI 16.01 should no longer be sanctioned in a malicious prosecution action because it fails to require the jury to find defendant acted with an intent to cause harm. at 813. In lieu thereof the court adopts Restatement of Torts (Second) § 668 (1965) which requires, in substance, that the jury must find that the defendant initiated the prosecution "primarily for a purpose other than that of bringing an offender to justice." at 814. The plaintiff must plead malice and prove at least legal

malice which includes an improper or wrongful motive.

The facts in the *Sanders* case are significantly different than in the present case. In *Sanders* the theft of some tools was an undisputed fact. The issue was whether the defendant was the culprit. In the present case whether a theft by shoplifting occurred is the disputed fact. The supreme court granted appellant a new trial permitting plaintiff Sanders the opportunity to submit to a jury evidence to support the requisite improper motive using new jury instructions consistent with that opinion.

The supreme court also found that punitive damages in a malicious prosecution case must be supported by proof of actual malice. The supreme court suggested the following definition: "[a]n act or a failure to act is 'maliciously' done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member." at 815.

In the present case Famous-Barr initiated the municipal charge based upon what the security guard believed she saw. While the prosecution may have been wrong (as demonstrated by the acquittal) Famous-Barr did have cause to believe Mrs. Weniger had stolen a sweater. Mrs. Weniger testified that what she had done did look suspicious. In addition there was no proof that Famous-Barr knew it was initiating a wrongful prosecution when it decided to press the charge. The security guard testified that even though Mrs. Weniger was acquitted she still believed that Mrs. Weniger had stolen a sweater. In *Parker v. Color Tile Supermart, Inc.,* 655 S.W.2d 598 (Mo.App.1983) we affirmed a directed verdict for the defendant and held that "... the focus of our inquiry is not plaintiff's guilt or innocence, but whether defendant could reasonably believe when it initiated the prosecution that plaintiff was guilty of the offense charged." *Id.* at 600. We conclude that the prosecution instigated by defendant may have been supported by a reasonable belief. If so there was no proof of actual or legal malice. But

that issue was not submitted to the jury under a proper instruction as approved in *Sanders.*

If the present case had been tried after *Sanders* a reversal would have been required. However, at the time of trial although it misstated the law MAI 16.01 was approved in malicious prosecution cases as well as in other causes where malice was an issue. Further, some case law supported a finding that malice sufficient to support a cause of action for malicious prosecution could be inferred from lack of probable cause. *See e.g. Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479 (Mo.1972). There was evidence in the present case that plaintiff produced an Eagle Stamp stub in support of her position that she previously purchased the sweater in question from another store belonging to defendant; that no attempt was made by defendant to verify her explanation; that defendant failed to investigate her status or reputation; and that defendant acted in haste. These additional facts were deemed significant in *Hoene* which concluded that defendant's store was responsible "not only for all facts which [it] knows at the time, but also for all other pertinent facts which [it] could have ascertained by due diligence prior to instituting prosecution. [cases cited]" *Hoene,* 487 S.W.2d at 483. We conclude that these facts and others which plaintiff may offer may support a cause of action for malicious prosecution under instructions complying with the Supreme Court's opinion in *Sanders.* Accordingly, we reverse and remand for a new trial on the malicious prosecution count.

On cross-appeal Mrs. Weniger raises the issue of the propriety of instruction No. 15, defendant's converse instruction on the malicious prosecution count, which reads:

> Your verdict must be for defendant unless you believe that defendant's employee performed a wrongful act intentionally and that defendant's employee knew at the time she did it that the act was wrongful.

Mrs. Weniger argues that the instruction was not limited to the malicious prosecu-

tion claim and the jury could have also considered it in deciding the false imprisonment claim adverse to plaintiff. She also argues that the language of the instruction was improper as it did not use the same language as the instruction it was directed at and because it attempted to define malice. Finally cross-appellant asserts that the use of the instruction is presumed prejudicial because there was an applicable MAI which should have been used.

■ We note that the jury was by a separate instruction, No. 13, directed to consider instruction No. 15 only when reviewing the malicious prosecution claim, the claim on which Mrs. Weniger prevailed. The instructions were packaged in three groups, general instructions (1–7), false imprisonment instructions (8–12) and malicious prosecution instructions (13–17). In evaluating whether a jury has been misled by an instruction an appellate court may assume that the jury is composed of reasonably intelligent people with an average understanding of the English language. *Affiliated Foods, Inc. v. Strautman,* 656 S.W.2d 753, 759 (Mo.App.1983). There is no reason to believe that the jury applied this instruction outside of the malicious prosecution package. We find no error here.

We need not decide if the converse instruction was defective on the remaining grounds asserted by plaintiff-cross-appellant because it related only to the count on which cross-appellant prevailed. No prejudice to Mrs. Weniger has been shown.

We reverse and remand for retrial of plaintiff's cause of action for malicious prosecution consistent with this opinion. Cross-appellant's appeal is denied.

CRIST and CRANDALL, JJ., concur.