HEARTLAND STORES, INC. d/b/a Shop–N–Go, Inc., Appellant/Cross– Respondent,

v.

ROYAL INSURANCE COMPANY, Respondent/Cross–Appellant.

No. WD 43664.

Missouri Court of Appeals, Western District.

July 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1991.

Application to Transfer Denied Oct. 16, 1991.

Roy A. Larson, Thomas H. Davis, Kristine S. Focht, Watson, Ess, Marshall & Enggas, Kansas City, for appellant/cross-respondent.

Hal D. Meltzer, Patricia A. Wohlford, Turner and Boisseau, Kansas City, for respondent/cross-appellant.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

TURNAGE, Judge.

Heartland Stores, Inc. brought suit against Royal Insurance Company for damages for bad faith refusal to settle a lawsuit, for damages for negligence on the part of the attorney hired by Royal, and for a declaratory judgment that Royal's policy covered punitive damages. The jury returned a verdict in favor of Royal on the damage counts and the court entered judgment in favor of Royal on the declaratory judgment count. Heartland contends the court erroneously instructed the jury on the damage counts and erroneously declared the law on the declaratory judgment count.[1] Affirmed.

Royal issued a business comprehensive insurance policy to Heartland. In March, 1982, Steven Swinney filed suit against Heartland seeking actual and punitive damages for injuries suffered by Swinney when his hand went through the glass door of a Heartland store. The suit sought actual and punitive damages for negligence on the part of Heartland in having plate glass in the door rather than safety glass. The suit also sought actual and punitive damages for malicious prosecution resulting when Heartland filed criminal charges against

Swinney for destroying its property and such charges were later dismissed. The jury returned a verdict in favor of Swinney for $225,000.00 actual damages and $500,000.00 punitive damages on the negligence claim. On the malicious prosecution claim the jury awarded Swinney $600.00 actual damages (reduced to $500.00 by the court) and $50,000.00 punitive damages.

An appeal was taken from the judgment entered on those verdicts and in the course of the appeal the Swinney case was settled with Royal paying the actual damages and Heartland paying $169,656.00 in settlement of the punitive damages.

Heartland brought this suit against Royal in three counts. The first count sought recovery for bad faith on the part of Royal in refusing to settle the Swinney case. Heartland contends the Swinney case could have been settled for about $100,000.00 but that Royal refused to offer any more than $30,000.00, which was the amount of special damages claimed by Swinney. Royal told Heartland that its policy did not cover punitive damages and Royal advised Heartland that it was on its own with respect to the claim for punitive damages.

Heartland's second count was for negligence on the part of the attorney Royal retained to defend the Swinney case. Heartland contends that the attorney was negligent in failing to file a motion for a directed verdict at the close of all the evidence.

In its third count Heartland sought a declaratory judgment that the Royal policy covered punitive damages. The Royal policy provided:

(A) The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury or advertising injury to which this insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business. . . .

Personal injury was defined as:

"Personal injury" means injury arising out of one or more of the following of-

---

1. Royal has filed a cross-appeal asserting grounds for affirming the judgment, but because of the disposition of Heartland's appeal it is not necessary to consider Royal's appeal. Royal's appeal is dismissed.

fenses committed during the policy period: (1) false arrest, detention, imprisonment or malicious prosecution; ....

The first two counts of Heartland's suit against Royal were submitted to a jury which returned a verdict in favor of Royal. The court entered judgment against Heartland on the third count for declaratory judgment.

Heartland first contends that the court erred in giving Instruction No. 7 [2] when it submitted the bad faith refusal to settle count to the jury.

█ Heartland contends error in paragraph four because of the tail "rather than negligently." Heartland contends that the phrase "rather than negligently" violates the instructions on the use of MAI, is an abstract statement of law, was argumentative, required a negative finding by the jury, injected a false issue, and made the instruction confusing and misleading. Instruction No. 7 was based on the elements of the tort for an insurer's bad faith refusal to settle as stated in *Dyer v. General American Life Ins. Co.*, 541 S.W.2d 702, 704[2] (Mo.App.1976). The court stated four elements of the tort with the fourth element being "in so refusing, the insurer acts in bad faith, rather than negligently."

█ It should first be observed that statements in opinions setting forth rules of law are not meant to be literally incorporated into jury instructions any more than statutes should be literally embodied into jury instructions. Here, the court felt that since *Dyer* required that the insurer act in bad faith rather than negligently that the entire statement in *Dyer* must be included in the instruction. In this the court fell into error because the opinion in *Dyer* was not intended to be a jury instruction but was a statement of the elements of the

tort. The "rather than negligently" phrase was stated to emphasize that the tort of bad faith refusal to settle is an intentional tort contrasted with an action in negligence. In this case the court found evidence of bad faith when it submitted that cause of action to the jury. It was not necessary to tell the jury any more than that it must find that Royal acted in bad faith. The phrase "rather than negligently" should not have been added to the instruction.

█ The question now becomes whether the addition of this phrase was prejudicial. The only complaint leveled that merits discussion is that the addition of the phrase may have been misleading or confusing to the jury. In evaluating whether a jury has been misled an appellate court may assume that the jury is composed of reasonably intelligent people with an average understanding of the English language. *Weniger v. Famous–Barr Co.*, 686 S.W.2d 553, 557[8] (Mo.App.1985). Further, the meaning of an instruction is not found in isolated words or phrases but is drawn from its entirety. *Eickelman v. Illinois Cent. Gulf R. Co.*, 714 S.W.2d 611, 618[10] (Mo.App.1986). Further, the trial judge is in the best position to determine whether an instruction is misleading or confusing and that ruling will not be disturbed absent a showing of an abuse of discretion. *Id.* at 618[11].

In this case the jury was clearly told that it was required to find that Royal refused to settle the Swinney claim within the liability limits of the policy and in so refusing it acted in bad faith. The phrase about which Heartland complains did not take anything away from the direction to the jury to find that Royal acted in bad faith. While it may have been somewhat confusing to add

---

**2.** Instruction No. 7 read:

Your verdict must be for plaintiff if you believe:
First, Royal Insurance Company assumed control over negotiation, settlement, and legal proceeding brought against Heartland Stores, Inc., and
Second, Heartland Stores demanded that Royal Insurance Company settle the claims brought against Heartland Stores, and

Third, Royal Insurance Company refused to settle the claims within the liability limits of the policy, and
Fourth, in so refusing, Royal Insurance Company acted in bad faith, rather than negligently, and
Fifth, Heartland Stores was thereby damaged.

"rather than negligently" after the bad faith portion, the average juror would simply have taken this to mean that bad faith was required and not negligence. In that respect the instruction was accurate and even though the phrase would have been better left off, this court does not find any abuse of discretion in failing to grant Heartland a new trial because of the addition of this phrase in Instruction No. 7. Although the addition of the phrase was error no prejudice is found.

■ Heartland next contends the court erred in the submission of the negligence of the attorney count because the instructions were confusing and misleading. It is not necessary to reach the merits of Heartland's contention because the evidence failed to show that the failure of the attorney to file a motion for a directed verdict at the close of all the evidence caused any damage to Heartland. Heartland appealed from the judgment entered against it in the Swinney case and during the course of the appeal the Swinney case was settled. In this case Heartland contends that the failure to file the motion for directed verdict limited the issues which could be raised on appeal and solidified the position of Swinney. At the time of the trial in this case those were matters of pure speculation because the appeal was never prosecuted and there was no proof that Heartland's position on appeal was impaired as a result of the failure to file the motion for directed verdict. To entitle it to recover damages for negligence, it was necessary for Heartland to show that the negligence charged was the proximate cause of Heartland's loss. *Belisle v. Wilson,* 313 S.W.2d 11, 17[7–11] (Mo.1958). There must be proof of loss before the negligence issue may be submitted to the jury. *Id.* Here Heartland failed to prove any loss resulted from the failure to file the motion in the Swinney trial. There was evidence from attorneys who testified as to the consequence of the failure to file such a motion but because the case was settled before the appeal was fully prosecuted, the jury would have had to resort to speculation and guesswork in order to find that damages resulted from such failure. Without proof of damages

the instruction should not have been given. Heartland is in no position to complain about the correctness of an instruction which it was not entitled to have given.

■ Heartland next contends the court erred in entering a declaratory judgment that the Royal policy did not cover punitive damages. The policy provision is set out above which in short provides that Royal would pay all sums which Heartland would become legally obligated to pay as damages for personal injury sustained by any person. Personal injury is defined in the policy to include injury arising out of malicious prosecution. In *Crull v. Gleb,* 382 S.W.2d 17 (Mo.App.1964), the court considered a policy provision which obligated the company to pay all sums which the insured may become legally obligated to pay as damages because of bodily injury. The court stated that punitive damages do not fall in the category of damages for bodily injury. *Id.* at 23[16, 17].

The question whether punitive damages were covered by a policy was again considered in *Schnuck Markets, Inc. v. Transamerica Ins.,* 652 S.W.2d 206 (Mo.App. 1983). In that case, the policy obligated the company to pay "all sums which the insured may become legally obligated to pay as damages because of bodily injury...." The court observed that the policy provided coverage for all sums which the insured would become legally obligated to pay because of damages for bodily injury and did not simply provide that the policy would cover all sums which the insured would become legally obligated to pay. *Id.* at 208. The court held that punitive damages are not in the same category as damages for injury because the purpose of punitive damages is punishment and a deterrent to similar conduct by others. *Id.* at 209[1–3]. The court further stated that punitive damages are never awarded as compensation but are incidents to the cause of action and are separate and apart and in addition to the assessment of actual damages.

It will be noted that the language of the policy in *Schnuck* is almost identical to the

language of the policy under consideration. Heartland contends that because the policy here covers malicious prosecution that Royal intended to cover malicious conduct on the part of Heartland. It further contends that since malice is similar to the evil motive and outrageous conduct which is required for punitive damages that the policy covers punitive damages. While the policy does cover malicious prosecution, it only covers personal injury resulting from malicious prosecution. Thus, it is only damages flowing from a personal injury sustained as a result of malicious prosecution which is covered. This refers to compensation for personal injury and does not contemplate sums awarded as punishment. The policy here covers only damages resulting from personal injury and does not include sums which Heartland must pay as punishment. The court correctly concluded that the policy does not cover punitive damages.

The judgment is affirmed. The appeal of Royal is dismissed. Costs are assessed against Heartland.

All concur.