## TAYLOR v. ATCHISON, T. & S. F. RY. CO.

### No. 6381.

United States District Court
W. D. Missouri, W. D.

Aug. 14, 1950.

Fred J. Freel, Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson & Righter, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed its motion to strike all portions of the complaint which assert and demand punitive damages. This is done upon the theory that punitive damages as a general rule are not recoverable in actions for the breach of contracts. Such was the ruling in Young v. Main, 8 Cir., 72 F.2d 640, loc. cit. 643; Sadler v. Pennsylvania Refining Co., D.C., 31 F.Supp. 1,

loc. cit. 2. However, there are exceptions to that rule. The Court of Appeals, this Circuit, in Peitzman v. City of Illmo, 141 F.2d 956, loc. cit. 961, by Judge Gardner the author of the opinion, said: "In Missouri the principle is recognized that where a covenant creates a duty, failure to perform that duty is the basis for an action in tort. Graff v. Lemp Brewing Co., 130 Mo.App. 618, 109 S.W. 1044. A tort is a wrong done independent of contract, but torts may be committed in the nonobservance of contract duties. Braun v. Riel, Mo.Sup., 40 S.W.2d 621, 80 A.L.R. 875. Liability in tort may indeed co-exist with a liability in contract toward the same person where, independently of the contract, there is a duty which has been violated."

Adverting to the complaint, it is noted that the action is for an alleged wrongful discharge as an employee of the defendant under a contract of employment. After the averment that the plaintiff "was wrongfully and unlawfully dismissed and discharged by the defendant", there appeared this allegation: "Plaintiff further states that he was not given a proper investigation and hearing according to the terms of Rule 33 (d), (e), and (f) of said agreement."

Whatever the proof or evidence may be, the complaint alleges the "non-observance of contract duties." Under such circumstances, the motion to strike should be and will be overruled.