GREATER KANSAS CITY BAPTIST AND COMMUNITY HOSPITAL ASSOCIATION, d/b/a Martin Luther King Jr. Memorial Hospital, Plaintiff-Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS of Missouri, and John F. Meystrik, Director, Defendants-Respondents.

No. 30057.

Missouri Court of Appeals, Western District.

June 11, 1979.

Herman M. Shaffer, Charles C. Shafer, Jr., Kansas City, for plaintiff-appellant.

John F. Gillespie and Rick V. Morris, Jefferson City, for defendants-respondents.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge, Presiding.

Appeal from judgment of dismissal of petition for relief from employment security taxes. Appellant contends the court erred in such dismissal on defendants' motion to dismiss for failure to exhaust administrative remedies and lack of jurisdiction "because King had adequately pleaded it was a party whose rights, status or legal relations were affected by an unconstitutional statute and the * * * objections raised by defendants' motion were not applicable to King who as a matter of law was entitled to a trial on the merits." Affirmed.

The statement is taken from appellant's brief. Plaintiff is a Missouri not-for-profit corporation engaged in providing medical services primarily to the poor. Until 1972, plaintiff enjoyed an exemption from employment security tax based on its status as a corporation organized exclusively for charitable purposes. In 1972, plaintiff lost

its exemption when the Employment Security Law was amended to provide that only those charitable concerns employing fewer than four persons in an average business day would be afforded the heretofore unqualified charitable exemption. With its records evincing more than four employees in a typical business day, plaintiff was logically determined to be liable as an employer under Chapter 288 RSMo. Plaintiff paid the assessed employment security tax until the fourth quarter, 1975, when, because of its operating burden, it decided to challenge Section 288.034.8 RSMo under which its exemption was revoked.

Plaintiff in its "Petition for Declaratory Judgment and Injunctive Relief" prayed that the court determine that it was entitled to an exemption from payment of employment security taxes, that defendants be enjoined from collection of delinquent employment security taxes assessments, and that the court order defendants to refund to plaintiff all employment security taxes previously paid.

Respondents' brief makes certain clarifications to the foregoing. They are consistent with applicant's statement and plaintiff's petition, and stand uncontradicted by appellant.

The determination that plaintiff was a liable employer was made in May, 1972; and the amount of its liability for employment security taxes was determined under Section 288.130.3 RSMo:

"A deputy shall make an ex parte determination after investigation but without hearing with respect to any matter pertaining to the liability of an employing unit which does not involve a claimant. The deputy shall promptly notify any interested employing units of each such determination and the reason for it. The division shall grant a hearing before an appeals tribunal to any employing unit appealing from any such ex parte determination provided an appeal is filed in writing within fourteen days following the date of notification or the mailing of such determination to the party's last known address. In the absence of an appeal any such determination shall become final at the expiration of a fourteen day period * * *."

Plaintiff was notified of such determination May 17, 1972. No appeal was taken; the determination became final May 31, 1972, and plaintiff paid its employment security taxes for nearly four years until the fourth quarter, 1975, when its operating difficulties surfaced.

Section 288.160.1 RSMo provides:

"If any employer neglects or refused to make a report and payment of contributions as required by this law the division shall make an estimate based on any information in its possession or that may come into its possession of the amount of wages paid by such employer for the period in respect to which he failed to make report and payment, and upon the basis of said estimated amount compute and assess the contributions and interest payable by such employer, adding to such sum a penalty equal to ten percent thereof. Promptly thereafter, the division shall give to such employer written notice of such estimated contributions, interest and penalties as so assessed, the notice to be served personally or by registered mail, directed to the last known principal place of business of such employer in this state or in any state in the event he has none in this state."

The assessment so required was made against plaintiff May 21, 1976, for employment security taxes due for the fourth quarter, 1975. Notice of same was given the same date.

Section 288.160.4 RSMo provides:

"Any employer against whom an assessment is made * * * may petition for reassessment. The petition for such reassessment shall be filed with the division during the thirty-day period following the day of service or mailing of the notice of such assessment. In the absence of the filing of such petition for reassessment the assessment shall become final upon the expiration of such a thirty-day period * * *."

Plaintiff did not file a petition for review of the assessment made against it, and it became final June 21, 1976. Such assessment was filed with the Circuit Court of Jackson County, pursuant to Section 288.-170 RSMo and it became tantamount to a judgment.

Plaintiff did not seek the evidentiary hearing on the assessment as provided by Section 288.190 RSMo. As a consequence none of the provisions for review in the Labor and Industrial Relations Commission under Section 288.200 RSMo, and subsequently in the counts under Section 288.210 RSMo, were invoked.

The "subsequent assessments" mentioned in plaintiff's petition were for employment security taxes due for the first three quarters, 1976. Plaintiff has timely filed petitions for review of such assessments for the first and third quarters, 1976, and they are presently within the administrative and judicial review procedures of Chapter 288 RSMo. Such petitions also raise the constitutional issue asserted to be in this present controversy.

Irrespective of plaintiff's right to resort to the Declaratory Judgment Act and the style of its petition, the substance of the petition is an attempt to challenge administrative determinations made by the Division of Employment Security under Chapter 288 RSMo 1969, as amended.

It is axiomatic in administrative law that before a party can seek the jurisdiction of the court, the party must exhaust administrative remedies. *State ex rel. Scott v. Scearce,* 303 S.W.2d 175 (Mo.App.1957); *State ex rel. Merritt v. Gardner,* 148 S.W.2d 780 (Mo.1941); *Brinkerhoff-Faris Trust and Savings Co. v. Hill,* 19 S.W.2d 746 (Mo. banc 1929). Nor is the Declaratory Judgment Law intended as a substitute for existing remedies or to make the court a legal advisory board. *Koenig v. Koenig,* 191 S.W.2d 269 (Mo.App.1945); *O'Meara v. New York Life Insurance Co.,* 169 S.W.2d 116 (Mo. App.1943).

The statement demonstrates that the Employment Security Law provides plaintiff existing remedies, and that it has yet to exhaust same. As a consequence, plaintiff cannot, under guise of a petition for declaratory judgment, challenge administrative decisions long since final.

As stated, *Duzer v. Industrial Commission,* 402 S.W.2d 616, 618 (Mo.App.1966):

" 'The procedure for obtaining judicial review of an administrative decision * * is ordinarily governed by the * * * statutes and not by the commonlaw or other statutory rules of procedure * *.' "

" 'As a general rule, the court does not acquire jurisdiction unless the steps prescribed by the statute have been followed and compliance with mandatory provisions of the statute * * * has been held to be a condition precedent to jurisdiction * * *.' "

Again, the statement demonstrates that plaintiff has not availed itself of provisions for review of its employment security tax liability and the court had no jurisdiction over the present controversy.

Appellant argues also that its action falls within the Administrative Procedure and Review Act, Chapter 536, RSMo.

Chapter 536, supra, applies only in cases where a party has exhausted all administrative remedies, and where no other provision for judicial review is provided by statute. Section 536.100 RSMo. It does not apply to agencies such as the Division of Employment Security which has its own review procedure in Chapter 288, supra. *Cohen v. Ennis,* 314 S.W.2d 239 (Mo.App. 1958).

Judgment affirmed.

All Concur.