UNION PETROCHEM, INC., Plaintiff,

v.

Audrey E. GLORE and Helen M. Glore, Defendants.

No. 80–0337–CV–W–5.

United States District Court, W. D. Missouri, W. D.

July 23, 1980.

Dennis Palmer, Shughart, Thomson & Kilroy, Kansas City, Mo., for plaintiff.

O. J. Taylor, Springfield, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

On April 3, 1980, plaintiff Union Petrochem, Inc. filed a three–count complaint against defendants Audrey E. Glore and Helen M. Glore. Plaintiff's alleged cause of action arises out of a business transaction between the parties whereby defendants sold plaintiff their shares of common stock in Skyway Aviation, Inc. Plaintiff contends that in purchasing this stock it relied on certain material representations made by defendants which defendants knew or should have known were false. Count I of plaintiff's complaint states a claim for common law fraud, Count II alleges a violation of the federal securities laws and Count III alleges a violation of state securities laws.

On April 28, 1980, defendants responded to plaintiff's complaint with an answer and a four–count counterclaim. Count I of defendants' counterclaim asserts that plaintiff breached the contract for the sale of the corporate stock and certain express warranties contained therein. As a result of this alleged breach, defendants declare a promissory note executed by plaintiff in their favor to be in default and demand immediate payment of the balance of the note. Count II seeks punitive damages for the alleged breach of contract set forth in Count I of the counterclaim. Count III prays for damages in the amount of an assessment levied against defendant Audrey E. Glore by the Missouri Division of Employment Security and Count IV alleges that plaintiff caused Skyway Aviation to breach an employment contract entered into by Skyway and Audrey Glore. This cause now pends before the Court on plaintiff's motion to dismiss Counts II, III and IV of defendants' counterclaim.

Plaintiff submits that Count II of the counterclaim should be dismissed because punitive damages are not normally recoverable in an action for breach of contract. However, defendants argue, and plaintiff concedes, that there are exceptions to this general rule, and under Missouri case law punitive damages may be awarded in a breach of contract action when the breaching party is also guilty of conduct that rises to the level of a tort separate and independent from the contractual claim. *See, e. g., Sands v. R. G. McKelvey Building Co.,* 571 S.W.2d 726, 733 (Mo.App.1978); *Taylor v. Atchison, Topeka & Santa Fe Ry. Co.,* 92 F.Supp. 968, 969 (W.D.Mo.1950). *See also* Comment, *Punitive Damages in Missouri,* 42 Mo.L.Rev. 593, 605–06 (1977). Moreover, despite plaintiff's assertions to the contrary, the Court believes that defendants have alleged sufficient facts in support of their claim for punitive damages to survive a motion to dismiss. As the Supreme Court noted in *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), it is not the function of the reviewing court to assess the merits of a particular claim, but rather

> [w]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a [party] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Thus, although it may ultimately develop that defendants in this case are not entitled to recover punitive damages, the Court be-

lieves that it would be premature at this juncture to rule that defendants cannot possibly establish any facts which would meet the legal requirements necessary to sustain an award of punitive damages under Missouri law.

■ In Count III of defendants' counterclaim, defendant Audrey Glore seeks to recover damages from plaintiff in the amount of an assessment made against Audrey Glore by the Missouri Division of Employment Security. Certain contributions owed by Skyway Aviation pursuant to the Missouri Employment Security Law, § 288.010 *et seq.* RSMo., have not been paid, and the Division of Employment Security has assessed these amounts against defendant Glore. Defendant claims that he was assessed because during the period in question he was the pertinent individual designated in the corporate records of Skyway Aviation maintained by the Missouri Secretary of State. Glore alleges, however, that plaintiff is liable for the amount of the delinquent contributions because the contributions did not become due and payable until after the plaintiff assumed control of Skyway Aviation.

Plaintiff contends that Count III should be dismissed because defendant has failed to exhaust available administrative remedies. As the plaintiff correctly points out, the Missouri Employment Security Law contains a detailed administrative review procedure through which the validity of an assessment may be challenged. Moreover, the Missouri courts have held that compliance with the prescribed statutory procedure is mandatory and must be exhausted before a party can seek judicial review of the assessment. *See Greater Kansas City Baptist and Community Hospital Ass'n v. Division of Employment Security*, 583 S.W.2d 247, 249 (Mo.App.1979). Defendant does not dispute the availability of administrative review and, in fact, admits in his suggestions in response to plaintiff's motion to dismiss that he currently has pending before the Division of Employment Security a petition for reassessment.

The Court concurs with plaintiff's contention that exhaustion of all available administrative remedies is a condition precedent to the Court acquiring jurisdiction over the present controversy and holds that Count III of defendants' counterclaim must be dismissed. This dismissal is without prejudice, however, and, if upon exhaustion of the available administrative remedies this suit is still pending, defendant may petition the Court for leave to file an amended complaint.

Plaintiff has moved to dismiss Count IV of the counterclaim on the ground that it fails to state a claim against the plaintiff. Plaintiff contends that Count IV merely alleges that Skyway Aviation breached its employment contract with the defendant Audrey Glore, and, since Union Petrochem was not a party to this contract, defendant Glore has no claim against plaintiff for its breach. Defendant, however, refutes plaintiff's characterization of Count IV as a simple breach of employment contract action which defendant may assert only against Skyway Aviation. Defendant maintains that he has an independent cause of action against plaintiff because he alleges that plaintiff "caused" Skyway Aviation to breach its employment contract with defendant.

■ Although somewhat vaguely pleaded, Count IV of defendants' counterclaim does purport to state a claim against plaintiff cognizable under Missouri law. By alleging that plaintiff "caused" Skyway Aviation to breach its employment contract with defendant, the defendant has essentially stated a claim against plaintiff for tortious interference with a contractual relationship. *See generally* W. Prosser, *Handbook of the Law of Torts* § 129 (4th ed. 1971). The Missouri courts have recognized that "one who maliciously or without justifiable cause induces a person to breach his contract with another may be held responsible to the latter for the damages resulting from such breach." *Downey v. United Weatherproofing, Inc.*, 363 Mo. 852, 253 S.W.2d 976, 980 (1953). The *Downey* court explicated the rationale underlying this tort as follows:

The right to perform a contract and to reap the profits therefrom, and the right to performance by the other party, are property rights entitling each party to the fulfillment of the contract by performance. And the intentional interference with the contractual relation without just cause so as to effect a breach of the contract is a wrong for which the wrongdoer may be held accountable in damages. The right of recovery for inducing a breach of a contract is but one instance of the protection which the law affords against unjustified interference in business relations. *Id.*

Even though the Court believes that defendant has alleged the gist of an action for intentional interference with a contractual relationship, defendant's claim is missing an essential ingredient. As noted in *Cady v. Hartford Accident and Indemnity Co.*, 439 S.W.2d 483, 485 (Mo.1969), not every interference with a contractual relationship is necessarily wrongful, and "in order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified." *Accord, Harber v. Ohio Nat'l Life Ins. Co.*, 390 F.Supp. 678, 683 (E.D.Mo.1974), *aff'd*, 512 F.2d 170 (8th Cir. 1975) (under Missouri law an indispensable element of an action for tortious interference with a contractual relationship is the absence of justification.)

Nowhere in his counterclaim does defendant allege facts from which it could be determined that plaintiff's interference with his employment contract was without just cause. While perhaps this is implicit in defendant's claim, as the foregoing cases indicate, greater specificity is required in order to state a cause of action. Rather than dismiss Count IV of defendants' counterclaim outright, however, Count IV of the counterclaim will be dismissed without prejudice and the defendants will be granted leave of court to file an amended Count IV within fifteen (15) days of the date of this order. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 (8th Cir. 1979).

Therefore, in accordance with the foregoing memorandum, it is hereby

ORDERED that plaintiff's motion to dismiss Count II of defendants' counterclaim be, and the same is hereby, denied. It is further

ORDERED that Count III of defendants' counterclaim be, and the same is hereby, dismissed without prejudice. It is further

ORDERED that Count IV of defendants' counterclaim be, and the same is hereby, dismissed without prejudice and defendants are hereby granted leave of court to file an amended Count IV within fifteen (15) days of the date of this order.