**SCULLIN STEEL COMPANY, Plaintiff,**

v.

**EVANS PRODUCTS COMPANY and Evans Transportation Company, Defendants.**

**No. 83 C 253.**

United States District Court, N.D. Illinois, E.D.

June 2, 1983.

James J. Shoemake, Francis G. Slay, Deborah L. Ober, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., Stanley M. Lipnick, Arnstein, Gluck & Lehr, Chicago, Ill., for plaintiff.

Leonard Schanfield, Robert R. Tepper, Erica Tina Helfer, Rosenthal & Schanfield, Chicago, Ill., Thomas E. Wack, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

BUA, District Judge.

This matter comes before this Court on a motion by defendants Evans Products Company and Evans Transportation Company (Evans Transportation) to dismiss for failure to state a claim upon which relief may be based pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, Scullin Steel Company (Scullin), is seeking punitive damages as a consequence of defendants' breach of contract. For the reasons stated herein, Evans Transportation's motion to dismiss is granted.

Scullin, a Delaware corporation, having its principal place of business in Missouri, is engaged in the manufacturing of steel castings used in the construction of railroad cars. Evans Transportation, both incorporated and having its principal place of business in Illinois, is engaged in the manufacturing and leasing of railroad cars.[1] On June 19, 1978, the parties entered into a sales agreement in which Evans Transportation was to purchase, at a stated price over a period of years, a specified amount of car sets of side frame and bolster steel castings. As of April 15, 1980, Evans Transportation had not purchased the required amount of steel castings stipulated

---

1. Scullin initially brought this action in a Circuit Court of the State of Missouri. Subsequently, Evans Transportation, alleging more than $10,000 in controversy, filed with the United States District Court, Eastern District of Missouri, a petition for removal based on diversity of citizenship between it and Scullin. 28 U.S.C. § 1441. In addition, Evans Transportation asserted that the federal district court need not consider the common Delaware citizenship between Scullin and Evans Products Company (a separate entity), since Evans Products Company was fraudulently joined and furthermore, that Scullin's complaint did not state a colorable cause of action against Evans Products Company. In the portion of his opinion pertaining to the jurisdictional issue, United States District Judge Roy W. Harper ruled that Scullin had no reasonable legal basis upon which to predicate a claim against Evans Products Company and that its joinder was improper as a matter of law. Therefore, the petition for removal was granted. The case was subsequently transferred from Missouri to this Court.

in the sales agreement. Subsequently, Scullin demanded and received written assurances of Evans Transportation's full compliance in the future. However, Evans Transportation breached the contract by continuing to order fewer castings than it had agreed to purchase.

The complaint consists of two counts. In Count I, Scullin alleges that Evans Transportation materially breached the contract by failing to purchase the requisite amount of steel castings. In Count II, Scullin claims that Evans' conduct, in relation to the breach of contract, was sufficiently egregious to rise to the level of an independent tort and thus serve as a basis for an award of punitive damages. The motion before the Court concerns Count II. There are two discernible issues raised by this Count. First, whether, under Missouri law, a breach of contract can ever create liability in tort, and second, whether Scullin has alleged sufficient facts in support of its claim that Evans' conduct constitutes an independent tort.

In the instant case, the defendant has asked this Court to dismiss Count II for failure to state a claim upon which relief may be granted. In evaluating a motion of this nature, a federal district court's role is a fairly narrow one, for a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Where, as here, an action has been removed to a federal court and subsequently transferred to another district, the Court must carefully determine the applicable law of the case since it may ultimately have an outcome determinative effect on the final decision. The Supreme Court has held on two occasions concerning actions on contracts made and to be performed in states other than that of the forum, that the *Erie* Doctrine requires a federal court to ascertain and apply the conflict of laws rules of the forum state, and to declare as a matter of state policy that the rights and

liabilities of the parties shall be determined according to the law of the forum or of the state which is the locus of the contract or cause of action. *See Klaxon Co. v. Stentor Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Griffin v. McCoach,* 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1942). In the instant matter, prior to transfer, Missouri law was properly chosen as the applicable law since Missouri was both the forum and locus of the contract. In addition, where the defendant seeks and is granted a transfer pursuant to 28 U.S.C. § 1404(a), as happened in this case, the transferee district court is obligated to apply the state law that would have been applied if there had been no change of venue. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Thus, in this particular case, Missouri law, as agreed to by the parties, is binding and will be implemented to determine their respective rights and liabilities.

As a general rule, punitive damages do not lie for breach of contract. *Robinson v. Riverside Concrete Inc.,* 544 S.W.2d 865 (Mo.App.1976). However, punitive damages are recoverable in a case arising from a breach of contract where the breach amounts to an independent tort and there are sufficient allegations of malice, wantonness, or oppression. *Sands v. R.G. McKelvey Bldg. Co.,* 571 S.W.2d 726 (Mo.App. 1978); *Lamb v. Amalgamated Labor Life Ins. Co.,* 602 F.2d 155 (8th Cir.1979); *Union Petrochem v. Glore,* 498 F.Supp. 14 (W.D. Mo.1980).

Scullin alleges that Evans' breach of the sales agreement was a deliberate, false, and calculated scheme, and that its refusal to comport with its purported written assurances substantiates its claim that Evans Transportation never intended to comply with them, but sought only to further its own interests. Additionally, Scullin asserts that it has made substantial efforts to remedy the situation regarding Evans Transportation's breach, but that Evans Transportation rejected all of the proposals which would have amounted to significant concessions for it. Furthermore, Scullin alleges

that Evans Transportation's acts comprise a willful breach of contract in bad faith, and such conduct in itself, constitutes a prima facie tort justifying an award of punitive damages. Evans Transportation, on the other hand, contends that its breach of the sales agreement was not intended to cause injury to Scullin's business, and that its refusal to perform its obligations under the contract stems solely from its financial inability to meet those requirements.

■ In order to act wilfully or maliciously, the person must exhibit a conscious disregard for the safety of others, and demonstrate an intent or purpose to injure. In addition, the plaintiff's claim for punitive damages must allege facts indicating that the defendant maliciously, wilfully, or intentionally injured the plaintiff by his tortious act. *Dyer v. General American Life Insurance Co.*, 541 S.W.2d 702, 706 (Mo.App. 1976). No such conduct is apparent in the instant case. The fact that Evans Transportation refused to make payments in accordance with the sales agreement does not necessarily imply, without more, that it had deliberately calculated a scheme to injure Scullin. Furthermore, Evans Transportation's non-compliance with its written assurances and its rejection of any concessionary proposals is not dispositive of whether it acted wilfully or maliciously. The fact that Evans Transportation sent the assurances implies that it made a serious attempt to remedy the situation. Thus, Scullin's allegations with respect to Evans Transportation's conduct are not supported by sufficient facts to constitute tortious behavior nor do they give rise to an independent tort.

Based on the foregoing, it is clear that the assertions by Scullin in regard to its claim for punitive damages are not factually supported by the record, and in substance are nothing more than conclusory allegations. Hence, the general rule under Missouri law, that punitive damages do not ordinarily lie for breach of contract is not only applicable in the instant case, but also dispositive of plaintiff's claim under Count II.

For the foregoing reasons, the defendants' motion to dismiss for failure to state a claim upon which relief may be based is granted.

IT IS SO ORDERED.