STATE of Missouri, ex rel. LAKE
LOTAWANA DEVELOPMENT
COMPANY, et al., Appellants,

v.

MISSOURI DEPARTMENT OF
NATURAL RESOURCES,
Respondent.

No. WD 39911.

Missouri Court of Appeals,
Western District.

June 28, 1988.

Milton B. Edmonson, Greenwood, for appellants.

William L. Webster, Atty. Gen., Robert J. Brundage, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and
SHANGLER and TURNAGE, JJ.

NUGENT, Presiding Judge.

Petitioner Lake Lotawana Development Company appeals from the dismissal of its petition in mandamus for failure to exhaust its administrative remedies.

We affirm.

The Lake Lotawana Development Company owns Lake Lotawana and the property surrounding the lake. Adjacent to that property is the Carriage Oaks Housing Development, which is being developed by Bill House Construction Company. That company applied to the Department of Natural Resources for a permit to discharge treated domestic wastewater into Lake Lotawana. They proposed to build a facility to treat that wastewater.

On May 29, 1987, the Department of Natural Resources issued a construction permit that specifies how the treatment facility must be built before the Department of Natural Resources will issue an operating permit.

On June 1, 1987, Lake Lotawana Development Company appealed the issuance of the construction permit to the Missouri Clean Water Commission, and the commission docketed that appeal.

On August 4, Lake Lotawana Development Company filed a petition in the Circuit Court of Cole County for an alternative writ of mandamus. The circuit court issued an alternative writ directing the Department of Natural Resources to revoke the permit.

The Department of Natural Resources filed a motion to dismiss the petition for writ of mandamus for failure to exhaust administrative remedies. On September 17, after a hearing conducted in camera and off the record, the court sustained the motion to dismiss. This appeal followed.

Lake Lotawana Development Company appeals from the circuit court's dismissal of its petition in mandamus for failure to exhaust all administrative remedies. In its brief, petitioner questions the authority of the department to include Lake Lotawana in the definition of "waters of the state," over which the department has jurisdiction. The issue, however, is whether petitioner

**498**

has an administrative remedy for its complaint. In oral argument before this court, petitioner conceded that the commission had scheduled a hearing for the following week. The commission's regulations provide for administrative review of all the Department of Natural Resources' permit decisions. 10 C.S.R. 20–6.010(5)(D). No final decision for judicial review exists until the Clean Water Commission renders a decision on Lake Lotawana Development Company's administrative appeal. Section 644.071.1, R.S.Mo., 1986; *Greater Kansas City Baptist and Community Hospital Association v. Division of Employment Security*, 583 S.W.2d 247, 249 (Mo.App. 1979).

Because plaintiff has not yet exhausted its administrative remedies, the trial court was correct in dismissing its petition in mandamus. We, therefore, affirm the trial court's judgment.

All concur.