# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1795

_____

| | | |
|---|---|---|
| Missouri Limestone Producers Association, Inc.; Missouri Ag Industries Council, Inc.; Steven R. Rudloff, | * * * * | |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Petition for Review of an Order |
| Carol M. Browner, Administrator, | * | of the |
| United States Environmental | * | Environmental Protection Agency. |
| Protection Agency; Dennis Grams, | * | |
| Regional Administrator of the United | * | |
| States Environmental Protection | * | |
| Agency, Region VII, | * | |
| | * | |
| Respondents, | * | |
| | * | |
| Steve Mahfood, Director, Missouri | * | |
| Department of Natural Resources, | * | |
| | * | |
| United States Environmental Protection | * | |
| Agency, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: November 18, 1998

Filed: January 13, 1999

_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

The Missouri Limestone Producers Association and the Missouri Ag Industries Council (Petitioners) seek review of a final action of the federal Environmental Protection Agency (EPA), which approved Missouri's revision of its state implementation plan (SIP) under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. We deny the petition for review.

**I.**

Missouri adopted four area-specific airborne, or "fugitive," dust regulations as part of its original SIP in 1972. The regulations were federally enforceable because the SIP was formally approved by the EPA. In 1990, Missouri revised the regulations. It replaced the four area-specific rules with one consistent, statewide rule. See Mo. Code Regs. tit. 10, § 10-6.170 (1990). The EPA did not approve the new rule, however, because the Missouri Department of Natural Resources (MDNR) submitted only that the EPA remove the four area-specific rules, rather than replace them with the new statewide rule. This would have virtually eliminated federally enforceable fugitive-dust regulations in Missouri, which was unacceptable because the EPA may not approve a SIP revision that lessens air-quality standards. As a result, Missouri's state-enforced fugitive-dust rule differed from the federally enforced ones.

To eliminate the discrepancy, in February 1997 the MDNR submitted that the EPA replace the 1972 rules with the current statewide rule. Petitioners brought an appeal to the Missouri Air Conservation Commission (MACC), a subagency of the MDNR, challenging the decision to submit the SIP revision to the EPA. After notice and a public comment period, the EPA formally approved the SIP revision despite the

pending appeal.  See Approval and Promulgation of Implementation Plans; State of Missouri, 63 Fed. Reg. 3037 (1998) (to be codified at 40 C.F.R. Part 52).

Petitioners seek review of the EPA action under 42 U.S.C. § 7607(b)(1).  They allege that their appeal to the MACC deprived the EPA of authority to approve the SIP revision under 40 C.F.R. Part 51, Appendix V.  In the alternative, Petitioners claim that the action was invalid because the MDNR did not hold public hearings on the decision to submit the SIP revision and because the EPA did not disclose sufficient factual information about the revision.

## II.

Petitioners contend that our review of the EPA action falls within 42 U.S.C. § 7607(d)(9).  Section 7607 applies when the EPA promulgates federal implementation plans, however, not when it approves state implementation plans.  See 42 U.S.C. § 7607(d)(1)(B) (citing 42 U.S.C. § 7410(c)) (describing proper EPA procedure for promulgating federal implementation plans).  Here, the EPA acted pursuant to its general authority under the Administrative Procedure Act (APA), 5 U.S.C. § 553.  Accordingly, the deferential standards of the APA govern our review.  See Western States Petroleum Ass'n v. EPA, 87 F.3d 280, 283 (9th Cir. 1996); National Steel Corp. v. Gorsuch, 700 F.2d 314, 320 (6th Cir. 1983); South Terminal Corp. v. EPA, 504 F.2d 646, 655 (1st Cir. 1974).

We will set aside an agency action only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2).  This standard of review gives agency decisions "a high degree of judicial deference."  Dubois v. Thomas, 820 F.2d 943, 948-49 (8th Cir. 1987); see also Mueller v. EPA, 993 F.2d 1354, 1356 (8th Cir. 1993); Mausolf v. Babbitt, 125 F.3d 661, 667 (8th Cir. 1997), cert. denied, 118 S. Ct. 2366 (1998).  We also consider whether any errors committed by the agency were prejudicial.  See 5 U.S.C. § 706.

First, Petitioners argue that the EPA failed to comply with the Clean Air Act regulations that govern approval of SIP revisions. The regulations require that the EPA receive a formal request from the proper designee of the state before approving a SIP revision. See 40 C.F.R. Part 51, Appendix V, § 2.1(a). The request must demonstrate that the revision has been adopted "in final form." Id. § 2.1(b).

The MACC has the authority to adopt and amend Missouri's air-quality rules. See Mo. Code Regs. tit. 10, § 10-1.010(2)(A) (1998). The MDNR, however, has the specific responsibility to "submit revisions of the State Implementation Plan to the United States Environmental Protection Agency for approval." Id. § 10-1.010(2)(B). Therefore, the MDNR was the proper agency to submit Missouri's SIP revision to the EPA. Once the MACC adopted the new statewide fugitive-dust rule, it was squarely within the MDNR's discretion to submit the revision to the EPA.

Furthermore, even assuming that the MDNR's decision to submit the revision was appealable, there is no authority for Petitioners' assertion that the appeal rendered the MDNR decision "non-final." The case cited by Petitioners to support this argument, State ex rel. Lake Lotawana Development Company v. Missouri DNR, 752 S.W.2d 497, 497-98 (Mo. Ct. App. 1988), simply requires plaintiffs to exhaust administrative remedies before seeking judicial review. It does not hold that an otherwise valid regulation becomes non-final once a private party challenges its validity. See id. To hold as much would essentially allow a party to enjoin the enforcement of a state regulation by filing an appeal rather than obtaining an injunction, which would greatly impinge on a state's ability to enact and enforce regulations. Accordingly, we hold that the MDNR decision is final and enforceable, unless and until it is invalidated by the MACC or a Missouri state court. See Sierra Club v. Indiana-Kentucky Elec. Corp., 716 F.2d 1145, 1151 (7th Cir. 1983) (recognizing that the EPA may not enforce a regulation that the state has found invalid). Thus, the EPA complied with the Clean Air Act regulations.

Next, Petitioners argue that the MDNR was required to hold public hearings on whether to submit the SIP revision to the EPA. Assuming that this argument was sufficiently raised during the public comment period to avoid waiver, it is nonetheless unavailing. Petitioners acknowledge that adequate hearings were held prior to the MACC's adoption of the new statewide fugitive-dust rule. They also admit that they were allowed to raise their objections to submission of the revision at a special MACC meeting on that topic. They contend that another hearing was required, however, before the MDNR could submit the revision to the EPA. To support their argument, Petitioners cite the regulation that requires states to hold "one or more public hearings" before "adoption and submission" of a SIP revision. See 40 C.F.R. § 51.104.

Nothing in the text of the Clean Air Act or the regulations requires states to hold a hearing on the submission of a properly adopted SIP revision. In fact, Petitioners' interpretation of the regulations contradicts the language of the Act itself, which provides that "each revision to an implementation plan submitted by a State . . . shall be adopted by such State after reasonable notice and public hearing." 42 U.S.C. § 7410(*l*). This language indicates that a hearing is required before adoption of a revision, not before the revision is submitted to the EPA.

Petitioners have provided no evidence that additional hearings on whether to submit a SIP revision have ever been held in Missouri, or in any other state. Since the EPA's original approval of Missouri's SIP in 1972, the state has made many SIP revisions without holding separate hearings on the decision to submit. The EPA, which is entrusted with interpretation and enforcement of the Clean Air Act, has never required hearings on whether properly adopted SIP revisions should be submitted. In light of our deferential review of an agency's interpretation of its own regulations, we hold that the MDNR was not required to hold an additional hearing before submitting the SIP revision to the EPA.

Finally, Petitioners contend that the EPA did not provide sufficient factual information about the proposed SIP revision. The EPA is not required to provide detailed factual data, however, when it acts under the APA. See 5 U.S.C. § 553(b). It must provide public notice of "either the terms or substance of the proposed rule or a description of the subjects and issues involved." Id. § 553(b)(3). We have held that an agency's notice is sufficient if it allows interested parties to offer "'informed criticism and comments.'" Northwest Airlines, Inc. v. Goldschmidt, 645 F.2d 1309, 1319-20 (8th Cir. 1981) (quoting Ethyl Corp. v. EPA, 541 F.2d 1, 48 (D.C. Cir. 1976)). The EPA included a lengthy description of the substance and purpose of the SIP revision in its public notice. This was sufficient to allow for informed public comment, as Petitioners demonstrated by their extensive remarks during the public comment period.

The petition for review is denied, as is Petitioners' motion for stay pending disposition of the appeal before the Missouri Air Conservation Commission.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.